# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case Number: 10-cr-00164-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. SILVESTRE MAYORQUI RIVERA,
    a/k/a Chikali,

    Defendant.

---

## AMENDED UNOPPOSED PROTECTIVE ORDER FOR
## DOCUMENTS DISCLOSED TO COUNSEL FOR DEFENSE

---

THIS MATTER comes before the Court as a result of an unopposed request of the United States for an Amended Protective Order, pursuant to Federal Rule of Criminal Procedure 16. Upon a showing of good cause in support of entry of a protective order to protect dissemination of confidential information and/or sensitive data or records and without objection from Rivera,

IT IS ORDERED:

1. This Amended Protective Order shall apply to all documents, materials, manuals, books, papers, data, or other objects produced pursuant to the production duties created by the Federal Rules of Criminal Procedure. This Amended Protective Order shall apply to Rivera, Rivera's counsel, the United States, any and all personnel working on this matter for either the United States or Rivera, and the Federal Bureau of Prisons ("Bureau").

2. Information designated "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS" ("CONFIDENTIAL Information") shall be information that is confidential and may include correspondence generated by and sent by s; communications between the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons, documents regarding the operation of the Administrative Maximum Penitentiary, Florence, Colorado ("ADX") that could impact institutional security and/or safety; documents that contain information that is exempt under the Freedom of Information Act; documents that contain law enforcement sensitive or implicates law enforcement techniques; documents that contain agency deliberative process sensitive information; documents that concern the institutional adjustment of s Rivera and/or Santiago, and/or information that is protected by the Privacy Act of 1974. CONFIDENTIAL Information shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections granted by this Amended Protective Order shall not be waived.

3. CONFIDENTIAL Information may be reproduced electronically for litigation management purposes only. Electronically reproduced CONFIDENTIAL Information must retain the mark "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS."

4. Documents, materials, and/or information that may be shown to Rivera are designated as CONFIDENTIAL by marking them "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS." While CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS" information may be shown to Rivera , Rivera shall not be permitted to retain them.

5. In addition to the restrictions set forth in Paragraph 4, CONFIDENTIAL

Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d.    the Court, and necessary Court staff, pursuant to Paragraphs 11; and

    e.    other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 5(c) and/or 5(e), counsel shall provide such person with a copy of this Amended Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Amended Protective Order and agrees to be bound by its provisions. Counsel shall maintain a log identifying the person to whom the information was provided, what information is provided, and when the Protective Order was provided to them. All such acknowledgments and the log shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by the opposing party.

7.     In the event that a party desires to use CONFIDENTIAL Information as an exhibit to a Court document, not including depositions, the CONFIDENTIAL Information shall be filed under seal in accordance with D.C.Colo.LCrR 47.1 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - DEFENDANT

MAY VIEW BUT NOT POSSESS."

8. If additional disclosure is needed of CONFIDENTIAL Information, counsel for the party seeking additional disclosure will contact counsel for the producing/designating party to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within ten (10) business days, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed under seal in accordance with D.C.Colo.LCrR 47.1 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS."

9. A party may object to the designation of CONFIDENTIAL Information by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the CONFIDENTIAL Information to file an appropriate motion under seal requesting that the Court determine whether the disputed information should be subject to the terms of this Amended Protective Order. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed under seal in accordance with D.C.Colo.LCivR 47.1 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS." If such a motion is timely filed, the disputed information shall be treated as

CONFIDENTIAL Information under the terms of this Amended Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL Information and shall not thereafter be treated as CONFIDENTIAL Information in accordance with this Amended Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL Information.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may agree to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Amended Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated July 23, 2010, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge