**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00164-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICHARD SANTIAGO,
2. SILVESTRE MAYORQUI RIVERA,

    Defendants.

**ORDER EXCLUDING ADDITIONAL TIME UNDER THE SPEEDY TRIAL ACT**

**Blackburn, J.**

On December 5, 2014, this matter came before me for a status conference. During the status conference the court, counsel for the government, and defendant Richard Santiago, proceeding pro se, determined and agreed that an additional period of time from December 5, 2014, should be excluded from the time for a speedy trial under the Speedy Trial Act of 1974 (Act). This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the status conference.

The agreement of the court, counsel for the government, and Mr. Santiago implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999). It requires that

a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  **See** 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit. **See** 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . .on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  **Id.** at 441.  First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable

>time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  I have discharged these duties.

The colloquy among the court, counsel for the government, and Mr. Santiago on the record during the status conference included a description and discussion of the various factors that warrant and require the exclusion of additional time under the Act, and I adopt and incorporate those facts and the concomitant findings of fact that I entered during the hearing on December 5, 2014.

The court recently granted Mr. Santiago's knowing, intelligent, and voluntary waiver of his right to counsel and allowed him to proceed pro se.  The transition of possession of the relevant documents and other materials from former defense counsel

to Mr. Santiago is proceeding, but complicated by the particular and unique circumstances of Mr. Santiago's incarceration and his pro se status.  These same issues likewise impact the transmission of discovery and other information between the government and Mr. Santiago.  Moreover, discovery and investigation are ongoing in this matter, and both counsel for the government and Mr. Santiago require additional time to account for these matters.  There also are approximately ten pretrial motions filed by Mr. Santiago's former counsel that have yet to be heard and determined.  Mr. Santiago must be afforded a reasonable time to determine which, if any, of these motions he will adopt and pursue, and an additional, reasonable time is needed to hear and determine the issues raised by and inherent to these motions.  Based on these considerations, and as requested without objection, I find that an additional 91 days from December 5, 2014, should be excluded under the Act.

In evaluating the need to exclude additional time under the Act, I relied on the considerable professional experience and judgment of counsel and the representations of Mr. Santiago.  Additionally, I was sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **United States v. Loughrin**, 2013 WL 856577 (10th Cir. 2013); **United States  v. Watson**, 766 F.3d 1219 (10th Cir. 2014); **United States  v. Margheim**, 2014 WL 5462332 (10th Cir. Oct. 29, 2014);  **Bloate v. United States**, 599 U.S. 130. 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and **United States v. Tinklenberg**, – U.S. –, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by the government or Mr. Santiago, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c), even as extended by the previous orders of this court.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1)  That failure to exclude additional time under the Act would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That this capital case remains complex such that the failure to exclude at least 91 additional days would deny both Mr. Santiago and the government the reasonable time necessary to prepare for pretrial and trial proceedings within the extant temporal limits imposed by the Act within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(3)  That even considering due diligence, failure to grant the motion would deny the parties the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4)  That an additional 91 days from and including December 5, 2014, through and including March 6, 2015, should be excluded from the computation of the time for speedy trial; and

(5)  That, therefore, the ends of justice served by excluding an additional 91 days outweighs the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** that the time from and including December 5, 2014, through March 6, 2015, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74.

Done in chambers December 5, 2014, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench during the status conference on December 5, 2014.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge