**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00164-REB-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. RICHARD SANTIAGO,
2. SILVESTRE MAYORQUI RIVERA,

      Defendants.

---

## ORDER EXCLUDING ADDITIONAL TIME UNDER THE SPEEDY TRIAL ACT

---

**Blackburn, J.**

The matter is before me again[1] *sua sponte* to exclude additional time under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74 (the Act). Based on the analysis below, I exclude approximately 90 days from and including March 6, 2015, through and including June 5, 2015, from the computation of time for a speedy trial under the Act.

Once again, this exclusion of additional time implicates 18 U.S.C. § 3161(h)(7)(A) – the "ends of justice" exclusion. To rehearse, the Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).

---

[1] I last engaged in a similar analysis and entered a similar order on June 21, 2012. *See* [#551] entered June 21, 2012.

However, certain periods of delay are excluded and do not count toward the 70-day

limit. *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay

'resulting from a continuance granted by any judge . . .on the basis of its findings that

the ends of justice served by taking such action outweigh the best interest of the public

and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting

18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice"

continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at

441.  First, I must consider the quadripartite factors enumerated in section

3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would

2

> deny counsel for the defendant or the attorney for the
> Government the reasonable time necessary for effective
> preparation, taking into account the exercise of due
> diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, I must then articulate, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  I have discharged these duties.

On October 31, 2014, I granted Mr. Santiago's knowing, intelligent, and voluntary waiver of his right to counsel and allowed him to proceed pro se. *See Courtroom Minutes* [#951].  The transition of possession of the relevant documents and other materials from former defense counsel to Mr. Santiago is proceeding, but continues to be complicated – and thus delayed – by the particular and unique circumstances of Mr. Santiago's incarceration and his pro se status.  These same issues continue to impact the transmission of discovery and other information from the government to  Mr. Santiago.  As before, discovery and investigation are ongoing, and counsel for the government and Mr. Santiago require additional time to manage these complicated

matters.  As of this time, there are approximately 17 pretrial motions yet to be determined.  Based on these considerations, I find that at least an additional 90 days should be excluded under the Act.

I continue to be sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Loughrin*, 2013 WL 856577 (10th Cir. 2013); *United States  v. Watson*, 766 F.3d 1219 (10th Cir. 2014); *United States  v. Margheim*, 2014 WL 5462332 (10th Cir. Oct. 29, 2014);  *Bloate v. United States*, 599 U.S. 130. 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and *United States v. Tinklenberg*, – U.S. –, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by the government or Mr. Santiago, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c), even as extended by the previous orders of this court.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel or Mr. Santiago.  Accordingly, I conclude as follows:

(1)  That failure to exclude additional time under the Act would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That this capital case remains complex such that the failure to exclude at

least 90 additional days would deny both Mr. Santiago and the government the reasonable time necessary to prepare for pretrial and trial proceedings within the extant temporal limits imposed by the Act within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(3)  That even considering due diligence, failure to grant the motion would deny the parties the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4)  That an additional 90 days from and including March 6, 2015, through and including June 5, 2015, should be excluded from the computation of the time for speedy trial; and

(5)  That, therefore, within the meaning of 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by excluding an additional 90 days outweighs the best interests of the public and defendant in a speedy trial.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the time from and including March 6, 2015, through June 5, 2015, **SHALL BE EXCLUDED** under 18 U.S.C. § 3161(h)(7)(A) from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74[2]; and

2.  That any party that objects to the foregoing findings, conclusions, or orders shall file its objections by March 20, 2015, or any objection shall be waived.

---

[2] The exclusion of this period in no way affects the exclusion of some or all of this same time or additional time under other provisions of the Act, *e.g.*, § 3161(h)(1)(D) (delay resulting from pending pretrial motions.)

Dated at Denver, Colorado, March 6, 2015.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge