**PUBLISH**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Case No.10-cr-000164-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. SILVESTRE MAYORQUI RIVERA,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR STANDING
ORDER DIRECTING THE BUREAU OF PRISONS TO PERMIT COUNSEL
AND DEFENSE INVESTIGATOR TO BRING LAPTOP COMPUTERS
INTO FACILITY DURING REMAINING PENDENCY OF THIS CRIMINAL ACTION**

---

**Blackburn, J.**

The matter before me is defendant Silvestre Mayorqui Rivera's **Motion for Standing Court Order Directing the Bureau of Prisons To Permit Counsel and Defense Investigator To Bring Laptop Computers Into Facility During Remaining Pendency of This Criminal Action** [#1022],[1] filed March 6, 2015. The government filed a response [#1026]. I heard oral argument on March 10, 2015, and took the matter under advisement. Having considered the parties' written and oral arguments, I now deny the motion as moot in part and deny it otherwise.

In its response, the government noted that the Bureau of Prisons contemplates

---

[1] "[#1022]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

that Mr. Rivera will be transferred from ADX[2] to FCI Englewood during the pendency of the trial and is anticipated to be at FCI Englewood at least by his next scheduled visit with counsel at the end of March.[3]  The BOP has agreed to allow counsel for Mr. Rivera and their defense investigators to bring laptops into that facility, and defense counsel has agreed to that stipulation *pro tanto*.

Counsel for Mr. Rivera also seek an order allowing them to bring laptop computers into ADX.  The Bureau of Prisons does not allow – and, indeed, has never allowed – laptop computers inside ADX.[4]  It requires little to no prescience to appreciate the real need for this security restriction and the prodigal, precedential implications of its relaxation.  The increased resources – staff and equipment – necessary to thoroughly inspect every laptop – inside and out, hardware and software – for weapons and other contraband to ensure the security of staff and inmates alike would be brobdingnagian.

Nevertheless, ADX has a "clean" computer that can be used by counsel to view the relevant video which is the primary thrust of the motion. Counsel for the government, in consultation with a representative from ADX at the hearing, represented that the BOP computer does not store information loaded on the computer.  Moreover, in response to the concerns of defense counsel about the difficulty of positioning the cart on which the computer sits at an angle that permits viewing by the prisoner, the

---

[2] "ADX" is the initialism for the United States Penitentiary Florence ADMAX, aka USP-Administrative Maximum Facility Florence, located outside Florence, Colorado.

[3] During the hearing the government refined its representation to state that the marshal service reported that Mr. Rivera would not be returned to ADX, but instead, would be housed at FCI-Englewood. In response to my follow-up inquiry, the marshal service confirmed that Mr. Rivera is now housed at FCI-Englewood.

[4] Subject to a handful of exceptions not relevant here.

Case 1:10-cr-00164-REB   Document 1033   Filed 03/17/15   USDC Colorado   Page 3 of 4

BOP representative stated that a computer monitor would be placed in the visiting room and the BOP would provide a laptop which could feed to the monitor.  Counsel for Mr. Rivera agreed that if such arrangements could be made and were efficacious, this solution would be acceptable insofar as it addresses the broadcast and concomitant viewing of the critical video.

However, to the extent that defense counsel also has on her own laptop electronic notes, PDFs of court filings, investigative materials, legal research, and other trial preparation materials that may not readily be loaded onto the BOP's clean computer,[5] such items clearly can be printed in hard copy.  Although defense counsel believes this alternative to be "costly and unnecessary," it is neither unconstitutional nor unreasonable – given the unique security needs inherent to the custodial milieu that is ADX – to require counsel to proceed as lawyers did for centuries prior to the late 20th century invention of the laptop computer.  (**See Order Denying Defendant Rivera's Motion for Court Order Requiring BOP To Permit Joint Meetings With Co-Defendants Ribera and Santiago and To Cease Interfering With Mr. Rivera's Right To Present a Defense** at 3 [#1032], filed March 17, 2015 (concluding that the Fifth Amendment right to a fair trial and the Sixth Amendment right to compel the testimony of witnesses at trial does not extend to create a pretrial right to fully investigate one's case).)  Nor is there any constitutional basis for claiming that the Sixth Amendment right to effective assistance of counsel is implicated simply because any attorney is required to use an analog method to interview and prepare witnesses.

---

[5] For now, the inability of the BOP to accommodate counsel's special software is only hypothetical.

**THEREFORE, IT IS ORDERED** that Mr. Rivera's **Motion for Standing Court Order Directing the Bureau of Prisons To Permit Counsel and Defense Investigator To Bring Laptop Computers Into Facility During Remaining Pendency of This Criminal Action** [#1022], filed March 6, 2015, is **DENIED AS MOOT IN PART** and **DENIED IN PART** as follows:

1. That the motion is **DENIED AS MOOT** to the extent it seeks an order allowing defense counsel and defense investigators to bring laptop computers into the FCI Englewood; and

2. That the motion is **DENIED** to the extent it seeks an order allowing defense counsel and defense investigators to bring laptop computers into ADX.

Dated March 17, 2015, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge